IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FARM CREDIT OF NORTHWEST FLORIDA, ACA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:10-cv-352-MEF |
| | ) | |
| WINDHAM TODD PITTMAN, | ) | (WO) |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

On April 23, 2010, Farm Credit of Northwest Florida, ACA ("Plaintiff") filed this lawsuit against Windham Todd Pittman ("Defendant") for money allegedly owed under a promissory note. (Doc. #1). On June 24, 2010, Plaintiff moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. #8). Defendant did not oppose this motion. For the reasons set forth in this Memorandum Opinion and Order, that motion will be GRANTED.

### II. JURISDICTION AND VENUE

Jurisdiction over Plaintiff's claims is proper under 28 U.S.C. § 1332 (diversity). The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations in support of both personal jurisdiction and venue.

### III. LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Though a court ruling on a motion for summary judgment must believe the evidence

of the non-movant, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), here the non-movant failed to submit any evidence to oppose the motion for summary judgment.  Where the non-movant fails to respond, "summary judgment should, if appropriate, be entered against that party."  Fed. R. Civ. P. 56(e).  However, the court must still draw all justifiable inferences from the evidence in the non-moving party's favor.  *Anderson*, 477 U.S. at 255.  The court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).

## IV. FACTUAL AND PROCEDURAL BACKGROUND

### A.  Facts

**1.  Note Modification Agreement**

Plaintiff extended credit, jointly and severally, to Defendant and Land Ventures for 2, LLC ("Land Ventures"), a limited liability company of which Defendant is a member, under a Note Modification Agreement ("NMA") dated March 22, 2008.  The NMA provides terms for the repayment of three loans (the "Notes") Plaintiff issued.  The NMA is secured by mortgages to Plaintiff on property located in Alabama and Florida and owned by Land Ventures.

Defendant and Land Ventures defaulted under the NMA as a result of their failure to make payments to Plaintiff in accordance with the terms of the NMA.  In response, Plaintiff accelerated the debt owed under the NMA so that all amounts are due and payable in full.  Land Ventures and Defendant are jointly and severally liable under the NMA.  The NMA

also states that Land Ventures and Defendant are responsible for Plaintiff's collection costs.

In December 2009, Plaintiff commenced a judicial foreclosure action as to the mortgage on the property located in Florida.  On March 16, 2010, Land Ventures filed a petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Alabama (the "Bankruptcy Court"), filed as case number 10-30651.  As of that date, Plaintiff was scheduled to publish, on March 18, 2010, its notice of foreclosure on the mortgage of the property located in Alabama.  Because of the bankruptcy case, Plaintiff was stayed under 11 U.S.C. § 362 from its efforts to foreclose on its mortgages or otherwise collect the debt owed to it by Land Ventures.

As of June 23, 2010, Defendant owed Plaintiff $728,276.09, exclusive of collection costs incurred by Plaintiff's counsel, under the NMA.  This amount includes principal of $656,268.25; interest of $67,974.61; late fees of $3,058.23; and miscellaneous collection and enforcement expenses, other than attorneys' fees and expenses, of $975.00 for an appraisal. Interest accrues at the contract default rate of $188.79 per day.

**2.  Attorneys' Fees and Expenses**

The NMA also provides that Defendant and Land Ventures are jointly and severally liable for attorneys' fees and expenses Plaintiff incurs in collecting on the debt.  Plaintiff employed the law firm of Gardner, Bist, Wiener, Wadsworth & Bowden, P.A. ("Gardner Bist") to assist it in connection with the collection of the debt owed under the NMA and the enforcement of its rights under the NMA and under the mortgage on the property located in

-4-

Florida.  Plaintiff employed the law firms of Walston Wells & Birchall, LLP ("Walston Wells") and, later, Stone Sumblin Law LLC ("Stone Sumblin"), to assist it in connection with the foreclosure of the mortgage on the property located in Alabama and, later, to represent Plaintiff in Land Ventures's Chapter 11 case and in this case.

Through June 22, 2010, with regards to Gardner Bist, a total of $9,621.50 in attorneys' fees and $480.00 in other recoverable expenses has been incurred.  Through June 21, 2010, with regards to Walston Wells and Stone Sumblin, a total of $19,422.00 in attorneys' fees[1] and $1,192.56 in other recoverable expenses has been incurred.

## B. Procedural History

Plaintiff brought suit on April 23, 2010, claiming that Defendant breached the Notes and the NMA by failing to pay the Notes and honor the terms of the NMA.  Plaintiff alleges that it is owed the principal, interest, default interest, late fees, and costs of collection and enforcement.  Furthermore, Plaintiff alleges that it is owed money had and received by Defendant but not returned to Plaintiff.

On June 24, 2010, Plaintiff moved for summary judgment on these claims.  Defendant failed to respond with an argument or any evidence.

---

[1] Anne Stone Sumblin states in her affidavit that she incurred attorneys' fees of $20,647.06.  However, she also says in her affidavits that she had billed 97.6 hours, with two more expected.  She said that she billed Plaintiff at a rate of $195 per hour.  Billing records submitted with that affidavit also show 97.6 billed hours at $195 per hour.  Adding the expected two hours to that total, 99.6 hours at $195 per hour equals $19,422.00.

## V. DISCUSSION

Under Alabama law, the elements of a breach-of-contract claim are (1) a valid contract binding the parties, (2) the plaintiff's performance under the contract, (3) the defendant's nonperformance, and (4) resulting damages.  *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105 (Ala. 2002).  An action for money had and received is "maintainable in all cases where one has received money under such circumstances that in equity and good conscience he ought not to retain it because in justness and fairness it belongs to another." *Jewett v. Boihem*, 23 So. 3d 658, 661 (Ala. 2009) (inner quotations omitted).  "It aims at the abstract justice of the case, and looks solely to the inquiry, whether the defendant holds money, which . . . belongs to the plaintiff."  *Id.* (inner quotations omitted).

Plaintiff correctly states that it has submitted evidence showing the existence of the Notes and the NMA, that it extended credit under the NMA, Defendant's default under the NMA, the acceleration of the debt pursuant to the terms of the NMA, the damages owed pursuant to the terms of the NMA, and that those damages are owed jointly and severally by Defendant and Land Ventures.  The evidence showing these facts is clear and unambiguous, and Defendant, having submitted no evidence, has failed to designate specific facts showing that there is a genuine issue for trial on any of these issues.  Therefore, Plaintiff has met its burden of putting forward evidence establishing a prima facie case of its claims of breach of contract and money had and received, and Defendant has failed to meet its burden to go beyond the pleadings to show a genuine issue of fact in response.

The automatic stay in effect in Land Ventures's bankruptcy proceeding does not change this determination.  Defendant is jointly and severally liable with Land Ventures for the damages owed to Plaintiff.  The evidence presented shows that Land Ventures, and not Defendant, owns the property used as security for the NMA.  Therefore, collecting damages against Defendant would not affect Land Ventures's bankruptcy proceedings.  *See* In re *Murall, Inc.*, 118 B.R. 400, 402–03 (D. S.C. 1989).  The Court has been presented with no evidence that the Bankruptcy Court extended the stay to cover civil proceedings against Defendant, a jointly and severally liable third party non-debtor.

## VI. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion for Summary Judgment (Doc. #8) is GRANTED.  The Court will enter a separate final judgment consistent with this Memorandum Opinion and Order.

DONE this the 30th day of August, 2010.


_____
/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE