UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FARM CREDIT OF NORTHWEST FLORIDA, ACA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CASE NO. 1:10-cv-0352-MEF (WO-DO NOT PUBLISH) |
| WINDHAM TODD PITTMAN, | ) ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendant Windham Todd Pittman's ("Pittman") Motion for Relief from Judgment (Doc. # 18) and Brief in Support of said Motion (Doc. # 23) (collectively, "the Motion"). Pittman seeks relief from this Court's final judgment entered against him on August 30, 2010 (Doc. # 15) pursuant to Fed. R. Civ. P. 60(b)(1), (3), and (6). Rule 60(b) enumerates grounds on which a court may relieve a party from a final judgment. For this reasons set out below, this motion is due to be DENIED.

## I. FACTUAL AND PROCEDURAL HISTORY

On April 30, 2009, Land Ventures for Two, LLC ("Land Ventures") entered into an agreement with Plaintiff Farm Credit of Northwest Florida ("Farm Credit") which modified the terms of a previously negotiated loan transaction. Farm Credit required an individual to cosign the Note Modification Agreement ("NMA"), and Pittman did so. In

1

March 2010, Land Ventures filed for Chapter 11 Bankruptcy, and Farm Credit filed this suit against Pittman, as cosigner, to collect on the NMA. (Doc. # 1). Pittman answered, pleading several affirmative defenses including waiver, estoppel, laches, and statute of limitations. (Doc. # 6). He raised neither the defense of fraud nor misrepresentation in his Answer. Farm Credit filed a Motion for Summary Judgment in June 2010, to which Pittman did not respond. (Doc. # 8). This Court granted that motion and entered a Final Judgment against Pittman in the amount of $741,113.81. (Doc. # 15).[1]

On July 2, 2010, Land Ventures filed suit against Farm Credit, alleging a violation of the bankruptcy court's automatic stay. In August, 2010, Land Ventures amended its complaint to allege fraud claims against Farm Credit. Pittman is concerned that in the event Land Ventures succeeds in its fraud claims against Farm Credit, Pittman will be liable on a note found void in another legal proceeding. To prevent that perceived injustice and inconsistency, Pittman has filed the instant motion.

## II. LEGAL STANDARD

Rule 60(b)(1) allows for relief from judgment in the case of "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(3) allows for relief on the basis of "fraud . . . misrepresentation, or misconduct by an opposing party." Rule 60(b)(6) is a catchall provision, allowing relief to be granted for "any other reason that justifies relief."

---

[1] Also pending before this Court is Plaintiff Farm Credit's Motion for Award of Additional Costs of Collection, which seeks to increase the final judgment against Pittman to $805,539.14. (Doc. # 16).

Rule 60(b)(6) is "an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993).

### III. ANALYSIS

#### A. Rule 60(b)(1)

Pittman cites Rule 60(b)(1) in his motion, but never alleges any mistake, inadvertence, surprise, or excusable neglect upon which the Court could grant him relief.[2] Pittman's only alleged ground for relief is the inconsistency and injustice that would result if the NMA is later found to be void. This inconsistency and injustice does not fall within the permissible grounds for relief contained in Rule 60(b)(1). Therefore, to the extent that Pittman is seeking relief under Rule 60(b)(1), his motion is DENIED.

#### B. Rule 60(b)(3)

Pittman also cites Rule 60(b)(3) as a ground for which the court can grant him relief. Pittman's only allegation of fraud or misrepresentation in this case relates to the underlying contractual dispute, and not to any fraud perpetrated by Farm Credit in the prosecution of the instant lawsuit. The 'fraud' contemplated by Rule 60(b)(3) is that which prevents "the losing party from fully and fairly presenting his case or defense."

---

[2] Pittman may have an argument that his attorney was negligent in failing to respond to Farm Credit's Motion for Summary Judgment. However, the Eleventh Circuit "has demonstrated its wariness of grants of Rule 6)(b)(1) relief for excusable neglect based on claims of attorney error." *S.E.C. v. Simmons*, 241 Fed. App'x 660, 663-64 (11th Cir. 2007). Without a showing of excuse for any potential negligence, such an argument will not be sufficient for relief under Rule 60(b)(1).

3

*Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000).  Pittman has not alleged any instance of fraud that prevented him from presenting an aspect of his case or defense.  Therefore, to the extent that Pittman seeks relief under Rule 60(b)(3), his motion is DENIED.

### C.  Rule 60(b)(6)

Pittman also seeks relief from judgment pursuant to Rule 60(b)(6), on the basis that the NMA may be found void in another proceeding.  Pittman's argument is not persuasive.

Under Alabama law, a party claiming fraudulent misrepresentation must prove (1) that the opposing party made a false representation, (2) of a material fact, (3) on which the party reasonably relied, and (4) which proximately cause the party's injury. *Boackle v. Bedwell Constr. Co.*, 770 So.2d 1076, 1080 (Ala. 2000).  Alabama law recognizes limited circumstances in which a plaintiff may properly state a fraud claim when the false representations were made to a third party.  *Delta Health Grp., Inc. v. Stafford*, 887 So. 2d 887, 889 (Ala. 2004). However, the party claiming fraud must always demonstrate reliance on the fraud in order to render the contract voidable.  *Id.*  Mr. Pittman states in his Motion that he did not rely on any representations made by Farm Credit.  (Doc. # 23). Therefore, Mr. Pittman could not claim that the NMA he cosigned is voidable as to him. The kind of fraudulent misrepresentations alleged by Land Ventures against Farm Credit

4

would make a contract voidable, not void.[3]  Even if a jury finds that Farm Credit made misrepresentations to Land Ventures (through Pittman as agent) during the formation of the NMA, the agreement is still enforceable against Pittman.  Therefore, regardless of the outcome reached in the suit between Land Ventures and Farm Credit, that result will not be inconsistent with the final judgment entered in this case.

As Pittman has alleged no other exceptional circumstances on which this court could grant him the extraordinary relief permitted under Rule 60(b)(6), his motion is DENIED.

DONE this the 3rd day of November, 2010.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The principle is well established.  See Rutter & Hendrix v. Hanover Fire Ins. Co., 35 So. 33, 37 (1903) ("[A]ll our decisions hold . . . that a misrepresentation . . . will not vitiate a contract."); Restatement (Second) of Contracts § 164 (1981) (explaining that if the party's assent was induced by fraud the contract is voidable by the defrauded party); Gulf Oil Corp. v. Spriggs Enterprises, Inc., 388 So. 2d 518 (Ala. 1980) (explaining that because a contract induced by fraud is ordinarily merely voidable, the defrauded party may choose either to enforce the contract or pursue damages for fraud).